IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KNOX WESLEY MOSBY, JR., and § | |
| ANGELA MOSBY § | |
| § | |
| VS. § | CIVIL ACTION NO: 2:11-CV-157 |
| § | |
| AVERITT EXPRESS, INC., and § | |
| RONALD JASON BOWMAN § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, KNOX WESLEY MOSBY, JR., and ANGELA MOSBY complaining of AVERITT EXPRESS, INC., and RONALD JASON BOWMAN, Defendants, and for cause of action shows:

## *PARTIES*

1. Plaintiffs, Knox Wesley Mosby, Jr., and Angela Mosby are individuals residing in DeBerry, Panola County, Texas.

2. Defendant, Averitt Express, Inc., (hereinafter "Averitt"), is a corporation organized under the laws of the State of Tennessee with its principle place of business at 1415 Neal Street, Cooksville, TN 38502.  It may be served with process by delivering summons and Plaintiff's Original Complaint to its registered agent for service on file with the Texas Secretary of State: National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

3. Defendant, Ronald Jason Bowman, (hereinafter "Bowman") is an individual residing in Louisiana.  He may be served with process by delivering summons and Plaintiff's Original

Complaint to the Defendant at his residence located at 288 Jinks Road, Columbus, LA 71418 or wherever he may be found.

## STATEMENT OF JURISDICTION AND VENUE

4. Jurisdiction and venue are proper under the United States Constitution as a well as under Texas State law.

5. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C.§1332(a)(1), because Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds the sum specified by 28 U.S.C. §1332(a), seventy-five thousand dollars ($75,000.00) excluding interest and costs.

6. One of more of the Defendants do business within the confines of the Eastern District of Texas and/or resides within this district as required by 28 U.S.C. §1391. Consequently, this Court has jurisdiction to preside over this matter and these Defendants.

7. Venue is proper pursuant to 28 U.S.C.A. § 1391(a), in that a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of Texas. Specifically, the accident made the subject of this suit occurred in the Eastern District of Texas, near Carthage, Panola County, Texas.

## FACTS

8. This case involves personal injuries sustained by Knox Mosby that occurred on or about July 1, 2009, following a multi-vehicle collision on U.S. Hwy 79.

9. Specifically, the Plaintiff Knox Mosby was driving a John Deere farm tractor towing a John Deere bailer down U.S. Hwy 79 with his hazard lights indicating a slow moving vehicle flashing. Plaintiff was being escorted by a Ford 350 truck driving behind his tractor towing a flatbed

trailer owned by the Plaintiff and driven by Steven Smith who also had his hazard lights flashing indicating a slow moving vehicle when suddenly and unexpectedly, an Averitt tractor-trailer (18-wheeler) driven by Defendant Bowman ran up onto the trailer, causing the truck-trailer to jack knife, and then continuing on hitting the John Deere farm tractor and bailer throwing Plaintiff Knox Mosby, Jr., off of the tractor causing injury to the Plaintiff and Plaintiff's property.  In review of the investigating officer's Crash Report the tractor-trailer was being used for intrastate commerce for its corporate carrier, Defendant Averitt Express, Inc..  Therefore, Plaintiffs conclude that Defendant Bowman was in the course and scope of his employment with Defendant Averitt Express, Inc.  Defendant Bowman was cited for failure to control speed.

## *CAUSES OF ACTION AGAINST DEFENDANTS*

### *COUNT I–Negligence*

10. Plaintiffs would show that Defendant Bowman committed acts of carelessness, negligence, and negligence *per se* which were a proximate cause of this accident.  Additionally, Plaintiffs would show that Defendant Bowman violated Tex. Trans. Code §545.351, Tex. Trans. Code § 545.352, and other sections, provisions, regulations, statutes, and/or publications as may become applicable during the course of this case and invokes the doctrine of negligence *per se.*

11. Plaintiffs would show that Defendant Averitt Express, Inc., was the owner of the tractor-trailer being driven by Defendant Bowman at the time of this collision and is the insured on the applicable insurance policy.

12. Plaintiffs would show that according the Crash report, Defendant Bowman was driving the tractor-trailer at the time of this collision under Defendant Averitt Express, Inc.'s, corporate carrier name and registered US DOT numbers.  Therefore, Plaintiffs believe that

Defendant Bowman was in the course and scope of his employment with Defendant Averitt Express, Inc. In any event, Plaintiffs believe that Defendant Averitt Express, Inc., is liable to the Plaintiffs under the doctrine of *respondeat superior*.

13. Furthermore Plaintiffs would show that the vehicle being owned and operated by Defendants was a commercial motor vehicle as that term is defined by 49 Code of Federal Regulations § 390.5. As a matter of federal law, as well as Texas law, Defendant Bowman is an employee of the Defendant Averitt Express, Inc., and Defendant Averitt Express, Inc., is his employer. See 49 CFR § 390.5.

## *RES IPSA LOQUITUR*

16. Further, the acts, omissions, injuries, and damages alleged by Plaintiffs in this cause are of a nature that they do not occur in the absence of negligence. Plaintiffs therefore assert the doctrine of *res ipsa loquitur* against Defendants in this cause.

## *ACTUAL DAMAGES*

17. Defendant's conduct as described above was a producing cause of Plaintiffs' injuries and damages, and under Texas Law, is entitled to recover at least the following economic damages:

   a. Reasonable and necessary health care expenses incurred in the past;

   b. Reasonable and necessary health care expenses which, in all reasonable probability, will be incurred in the future;

   c. Physical pain and suffering in the past;

   d. Physical pain and suffering which, in all reasonable probability, will be endured in the future;

   e. Mental anguish suffered in the past;

  f.  Mental anguish which, in all reasonable probability, will be suffered in the future;

  g.  Physical disability/impairment, past and future;

  h.  Disfigurement;

  i.  Lost wages in the past and future loss of wage earning capacity;

  j.  Loss of business income;

  k.  Loss of consortium claim endured by Plaintiff Angela Mosby;

  l.  Loss of household services endured by Plaintiff Angela Mosby; and

  m.  All other incidental and consequential damages, fees, and expenses. Plaintiffs seeks compensatory damages in an amount in excess of the minimum jurisdictional limits of the Court, for which amount Plaintiffs now sue.

## *PRAYER*

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be duly cited to appear and answer herein as provided by law, and that upon final hearing the Plaintiffs have and recover judgment against Defendants in an amount that will reasonably compensate Plaintiffs for all of their damages, including prejudgment and postjudgment interest, costs of court, and all further relief to which they may show themselves to be entitled whether at law or in equity.

Respectfully submitted,

LAW OFFICE OF MIKE C. MILLER, P.C.
201 West Houston Street
Marshall, Texas 75670
Telephone: (903) 938-4395
Facsimile: (903) 938-3360
Email: mikem@millerfirm.com
Email: lisaa@millerfirm.com

BY: /s/Mike C. Miller
    Mike C. Miller
    Texas SBN: 14101100
    Lisa M. Andrews
    Texas SBN: 24053074

R. Collin Underwood
Texas SBN: 24034056
Underwood Law Office
P.O. Box 1138
324 W. Panola
Carthage, Texas 75633
Telephone: (903)-693-2303
Facsimile: (903)-693-2356

ATTORNEYS FOR PLAINTIFFS